WILLIAM G. MALCOLM, #129271
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

FILED
February 24, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002438631

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re

Timoteo Tautala and Lucy Ann Tautala,

Debtors.

PHH Mortgage Corporation, and its successors and/or assignees,

Movant,

vs.

Timoteo Tautala and Lucy Ann Tautala, Debtors, and Kimberly J. Husted, Trustee,

Respondents.

Bankruptcy Case No. 10-22615

Docket Control No. WGM-1

Chapter 7

HEARING DATE:
DATE: March 16, 2010
TIME: 9:31 AM
CTRM: 32

**PHH MORTGAGE CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (12646 W. Willow Ave, El Mirage, AZ 85335); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

**TO THE HONORABLE THOMAS HOLMAN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

      PHH Mortgage Corporation, and its successors and/or assignees ("PHH Mortgage Corporation"), hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may commence and

continue acts necessary to enforce its security interest in real property commonly known as 12646 W. Willow Ave, El Mirage, AZ 85335.

PHH Mortgage Corporation requests relief from stay in the above numbered Chapter 7 case because there is no equity in the Property to benefit the Debtors or the estate and Movant's interest is not protected by an adequate equity cushion. The Property is being surrendered as stated in the Statement of Intentions.

This Motion is based upon the attached Declaration and the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

PHH Mortgage Corporation requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtors or the estate and Movant's interest is not protected by an adequate equity cushion. The Property is being surrendered as stated in the Statement of Intentions.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about June 30, 2005, Timoteo Tautala and Lucy Ann Tautala made and delivered a Promissory Note in the original principal amount of $220,000.00, secured by a First Priority Deed of Trust on the Property commonly known as 12646 W. Willow Ave, El Mirage, AZ 85335 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the December 1, 2008 payment. As a result of the default, a Notice of Default and Election To Sell was recorded against the Property on April 10, 2009. The Notice of Sale was published on April 10, 2009 and a foreclosure sale was scheduled for July 10, 2009. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

\\\

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about February 03, 2010, Timoteo Tautala and Lucy Ann Tautala filed the instant Chapter 7 Petition as Case No. 10-22615.

5. **The Total Indebtedness Under The Note.** The total indebtedness owed to PHH Mortgage Corporation, exclusive of attorneys' fees, is as follows:

| | |
|---|---:|
| Principal Balance: | $ 210,809.36 |
| Interest Accrued from November 1, 2008 to February 5, 2010 | $ 17,647.38 |
| Escrow Advance: | $ 1,142.22 |
| Total Fees: | $ 60.00 |
| Late Charges: | $ 281.76 |
| Other Fees Due: | $ 132.50 |
| Recoverable Balance: | $ 2,355.80 |
| **TOTAL:** | **$ 232,429.02** |

6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---:|
| 1. PHH Mortgage Corporation (1st trust deed) | $ 232,429.02 |
| **TOTAL** | **$ 232,429.02** |

7. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $79,900.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "4."

## III.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtors'

own admission, the Property has a fair market value of $79,900.00 while the total indebtedness on the Property is $232,429.02. Based on the foregoing and the liquidation nature of this Chapter 7 proceeding, the stay should be terminated immediately. PHH Mortgage Corporation has satisfied its burden under Section 362(d)(2).

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR MOVANT.

The evidence demonstrates that PHH Mortgage Corporation is not protected by an adequate protection cushion. By the Debtors' own admission, the Property has a fair market value of $79,900.00 while the total amount owed to PHH Mortgage Corporation is $232,429.02. Based on the foregoing, the stay should be terminated immediately. PHH Mortgage Corporation has satisfied its burden under Section 362(d)(1).

## V.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) FOR CAUSE AS THE PROPERTY IS BEING SURRENDERED.

The Property is being surrendered as stated in the Statement of Intentions. Based on the foregoing, the stay should be terminated immediately. PHH Mortgage Corporation has satisfied its burden under Section 362(d)(1).

## VI.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, PHH Mortgage Corporation requests that the Court take judicial notice of the following facts:

    1.    The Debtors contend that the Property has a fair market value of $79,900.00. See Exhibit "4."

    2.    The Property is being surrendered as stated in the Statement of Intentions. See Exhibit 5."

# VI.
# CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow PHH Mortgage Corporation to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: February 22, 2010          Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ William G. Malcolm
     WILLIAM G. MALCOLM
     Attorneys for Movant